FILED
00 AUG 30
U.S. DISTRICT COURT
N.D. OF AL

ENTERED
AUG 3 0 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

ANTHONY ASH, EDDIE BULLOCK, )
ROBIN DAVENPORT, JOHN HITHON, )
TRAVIS TANNER and )
VIVIAN THORNTON, )
                                )
      Plaintiffs,      )      CV-96-RRA-3257-M
                                )
vs.                             )
                                )
TYSON FOODS, INC., )
                                )
      Defendant.      )

## AMENDMENT TO MEMORANDUM OPINION ENTERED NOV 18, 1999

In addressing the plaintiff's retaliation claims, the court set out the "but for" test stated in *McDaniel v. Temple Independent School District*, 770 F.2d 1340, 1346 (5th Cir. 1985). The plaintiffs contend that the court should have applied the less stringent "causally related" test, as set out by the Eleventh Circuit in *Equal Employment Opportunity Commission v. Reichhold Chemicals, Inc.*, 988 F.2d 1564 (11th Cir. 1993). That case stated:

> As for the underlying retaliation claims, plaintiff establishes a prima facie case under Title VII by showing that she exercised her protected rights, an adverse employment action occurred, and the adverse action was causally related to the plaintiff's protected activities. *Hamm v. Members of the Board of Regents*, 708 F.2d 647, 654 (11th Cir.1983). This court has interpreted the causal link requirement broadly; a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated. *Simmons v. Camden County Bd. of Ed.*, 757 F.2d 1187, 1189 (11th Cir.), cert. denied, 474 U.S. 981, 106 S.Ct. 385, 88 L.Ed.2d 338 (1985). The burden of production then

      shifts to the defendant to establish non-retaliatory reasons for the employment actions. *Tipton v. Canadian Imperial Bank of Commerce*, 872 F.2d 1491, 1494-95 (11th Cir.1989). The plaintiff can refute these reasons by proving that they are pretextual. *Id.* Again, the burden of production shifts, but the burden of persuasion remains with the plaintiff. Id."

*Id.* at 1571-72.

      The Memorandum Opinion entered November 18, 1999, is hereby amended to include the determination that those retaliation claims which the court concluded were due to be dismissed, are due to be dismissed under the standard set out in *Equal Employment Opportunity Commission v. Reichhold Chemicals* as well. All else of the said Memorandum Opinion remains unchanged.

      DONE this _30th_ day of August, 2000.

*[signature]*
Robert R. Armstrong, Jr.
United States Magistrate Judge